UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONONOV VITALY, | No. 2:24-cv-01743-KJM-SCR |
| Plaintiff, | |
| v. | ORDER |
| ARCADE CREEK RECREATION PARK DISTRICT, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this action. This matter was accordingly referred to the undersigned by Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient but will grant Plaintiff leave to file an amended complaint.

I.  SCREENING

A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

1

Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. The Complaint

Plaintiff's complaint names four defendants, including the Arcade Creek Recreation Park District, an elementary school, a school district, and a water district. ECF No. 1 at 2-3. The complaint states it is an action alleging "negligence of park maintenance." *Id*. at 1. Plaintiff alleges the court has federal question jurisdiction based on the Constitution and Bill of Rights. *Id.* at 5. The complaint is handwritten and sometimes difficult to read. Some of the handwritten text is written in the margins. However, it appears that Plaintiff complains that between August 2022 and June 2024, water is sometimes turned off to the sprinklers and drinking fountains at Arcade Creek Recreation Park (hereafter "Park"). Plaintiff states the relief he is seeking is for the Defendants to turn on the lawn sprinklers and replace drinking fountains. ECF No. 1 at 7. An attached declaration (ECF No. 1 at 11), states that trees and grass have died from lack of watering, a drinking fountain is broken, and the bathrooms are always locked. Plaintiff wants the Park to hire more maintenance staff, turn on the water, replace the drinking fountain, open the public bathrooms, and fix the solar lights. *Id* at 12.

C. Analysis

The complaint does not sufficiently plead a jurisdictional basis. Plaintiff states the basis is federal question jurisdiction and then generally references the Constitution and Bill of Rights. Plaintiff does also state: "Basic Necessities of Life. 14th and 8th Amendments violation [water] in park turned off." Perhaps Plaintiff is attempting to bring an action under 42 U.S.C. § 1983. In order to state a claim under section 1983, a plaintiff is required to plead that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or

3

federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). It is unclear in what manner Plaintiff believes his Eighth or Fourteenth Amendment rights were violated. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Plaintiff has not alleged he was subject to excessive bail, excessive fines, or was incarcerated. Plaintiff further makes no specific allegation as to how his Fourteenth Amendment rights were violated. Plaintiff also alleged in the caption that this is a "negligence" action, and he specifically disclaimed that jurisdiction exists based on diversity of citizenship. ECF No. 1 at 5. If Plaintiff is bringing only a state law claim for negligence, this court would lack jurisdiction. Plaintiff has also not pled the required elements for a negligence claim. *See Cisco Systems, Inc. v. STMicroelectronics*, 77 F.Supp.3d 887, 895 (N.D. Cal. 2014) ("To state a cognizable claim for negligence under California law, plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages.").

The complaint thus does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) as it does not contain a "short and plain" statement setting forth the grounds for federal jurisdiction, or a short and plain statement showing plaintiff's entitlement to relief. The exact nature of Plaintiff's claim is unclear from the complaint. The complaint contains general observations about Park maintenance, but Plaintiff does not allege when and if he used the Park, or how Park maintenance affected him, or whether he was injured in any way. The complaint is also unclear as to what role the various Defendants played in Park maintenance.

Accordingly, the complaint does not establish this court's jurisdiction, does not comply with Rule 8, and fails to state a claim on which relief may be granted. Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially

4

numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named defendant.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

As Plaintiff has named as defendants some state defendants, he may have intended to pursue an action under 42 U.S.C. § 1983. A claim under § 1983 requires a plaintiff to allege that defendants acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). If Plaintiff intends to pursue a section 1983 claim against a local government unit, he should bear in mind *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("[Municipalities and other local government units … [are] among those persons to who § 1983 applies."). In order to establish liability under *Monell*, "a plaintiff must … establish that the local government had a

5

deliberate policy, custom, or practice that was the moving force behind the constitutional violation they suffered." *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1167 (9th Cir. 2022).

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  The amended complaint must include a sufficient jurisdictional statement and comply with Rule 8.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3. Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: October 15, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE