UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONONOV VITALY,<br><br>    Plaintiff,<br><br>    v.<br><br>ARCADE CREEK RECREATION PARK DISTRICT, et al.,<br><br>    Defendants. | No. 2:24-cv-1743-KJM-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Kononov Vitaly is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On June 20, 2024, Plaintiff filed a complaint and a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1 and 2. Plaintiff seeks to require the defendants to water and otherwise maintain certain area parks in a particular manner.

On October 15, 2024, the Court screened the complaint per the screening process required by the IFP statute, 28 U.S.C. § 1915(e)(2), and found the complaint failed to comply with Federal Rule of Civil Procedure 8. ECF No. 8. The Complaint did not contain a short and plain statement (1) setting forth the grounds for federal jurisdiction or (2) showing Plaintiff's entitlement to relief. The Court's screening order allowed Plaintiff 30 days to file an amended

complaint curing these deficiencies and specified that the amended complaint "must include a sufficient jurisdictional statement and comply with Rule 8." ECF No. 8 at 6. The screening order warned that noncompliance may result in a recommendation of dismissal. *Id.* at 6. Plaintiff did not file an amended complaint.

On December 3, 2024, this Court issued an Order to Show Cause directing Plaintiff to show cause, in writing, within 14 days why the failure to file an amended complaint should not result in a recommendation that this case be dismissed based on lack of jurisdiction and/or for failure to state a claim. ECF No. 9 at 2. The Order warned that if Plaintiff failed to respond, the Court would recommend dismissal. *Id.* More than 14 days have passed, and Plaintiff has not filed a response.

The Court now recommends that this action be dismissed for failure to comply with the Court's orders. Plaintiff did not respond to the Court's screening order directing him to file an amended complaint within 30 days, or the subsequent Order to Show Cause. In recommending dismissal, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given that Defendants have not yet appeared, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal. The Court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.

Plaintiff has also filed a motion asking the Court to direct the defendants as to how a certain park must be maintained. ECF No. 7 at 1. To the extent this motion seeks injunctive relief, the Court recommends the motion be denied. "A preliminary injunction is an extraordinary

remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). A plaintiff may also prevail by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Plaintiff is not entitled to a preliminary injunction because he has not stated a claim upon which relief can be granted. The Court's screening order (ECF No. 8) informed Plaintiff that he failed to comply with Rule 8 and failed to state a claim. Failure to state a claim categorically dooms a motion for a preliminary injunction. *See Arc of Cal. v. Douglas*, 757 F.3d 975, 993–94 (9th Cir.2014) (citing *E & J Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006)). The Court recommends the motion be denied.

**IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed, without prejudice, for failure to comply with the court's orders. *See* Fed. R. Civ. P. 41(b); Local Rule 110.
2. Plaintiff's motion (ECF No. 7) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE